**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ABDUL NEVAREZ, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>SUMAVISION SFO LLC,<br><br>Defendant. | Case No. 17-cv-03137-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT** |

Before the Court is Defendant Sumavision SFO LLC's ("Defendant") motion to dismiss Plaintiffs Abdul Nevarez and Priscilla Nevarez's (collectively, "Plaintiffs") Complaint in this action brought pursuant to the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("Unruh Act"). *See* ECF 13 ("Mot."). The Court previously found this motion suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and vacated the hearing scheduled for February 1, 2018. *See* ECF 24. For the reasons that follow, Defendant's motion to dismiss the Complaint is DENIED.

**I.  BACKGROUND**

The following facts are taken from Plaintiffs' Complaint and are accepted as true on a motion to dismiss. *See* ECF 1 ("Compl."). Plaintiff Abdul Nevarez is a right leg above-the-knee amputee who requires use of a wheelchair for mobility. Compl. ¶ 8. Prior to his injury that rendered him disabled, Abdul Nevarez was an avid golfer and has continued to golf after his injury. *Id*. ¶ 2. Abdul's wife, Priscilla Nevarez, is not disabled but accompanies her husband golfing and assists him with making golf arrangements. *Id*. ¶¶ 2, 8. Defendant is the owner and operator of Coyote Creek golf course. *Id*. ¶ 9.

Plaintiffs allege that Defendant's golf course is a public accommodation that is subject to the requirements of Title III of the ADA. *Id*. ¶ 12. Plaintiffs further allege that through its operation of Coyote Creek, Defendant has denied persons with mobility disabilities the full and

equal enjoyment of its facilities. *Id*. ¶ 14. For example, on or about October 13, 2016, Priscilla Nevarez called Coyote Creek to book a tee time for herself and Abdul Nevarez. *Id*. ¶ 16. Priscilla spoke with Defendant's employee, booked a tee time, and requested a ParaGolfer adaptive golf cart for Abdul to use. *Id*. The employee responded that Coyote Creek only has regular golf carts, not adaptive golf carts. *Id*. On March 21, 2017, Priscilla attempted to follow up with Defendant's management via e-mail regarding Coyote Creek's lack of golf carts for disabled players. *Id*. ¶ 17. Priscilla emailed an address listed on Defendant's website, but the email as returned as undeliverable. *Id*.

Priscilla made several attempts to e-mail Defendant's management at Coyote Creek regarding her husband's access to the golf course but has not received any response. *Id*. ¶¶ 18, 19. Plaintiffs also refer to the existence of other barriers at Coyote Creek that violate the ADA but that Plaintiffs have not yet encountered because they are unable to play golf at Coyote Creek due to Abdul's disability. *Id*. ¶¶ 20, 21.

Plaintiffs filed this action against Defendant on May 31, 2017 alleging disability discrimination in violation of (1) Title III of the ADA; and (2) the Unruh Act. *See* Compl. Defendant timely moved to dismiss the Complaint. *See generally* Mot.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of the complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). A "short and plain statement" demands that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### III.  REQUEST FOR JUDICIAL NOTICE

The Court first addresses Defendant's request for judicial notice in support of its motion to dismiss. *See* ECF 14 ("RJN"). Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of LA.*, 250 F.3d 668, 688-89 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Defendant requests that the Court take judicial notice of the "fact" that the ParaGolfer adaptive golf cart is a wheelchair. *See* RJN at 2. To authenticate this fact, Defendant requests judicial notice of screenshots from three websites demonstrating that the ParaGolfer is marketed to the public as a wheelchair, and is identified as a wheelchair by the manufacturer and sellers of the device. *See* RJN Exh. A-C. Defendant also requests judicial notice of a "510(k) Summary of Safety and Effectiveness" for the ParaGolfer that was submitted to the Food and Drug Administration ("FDA") on August 7, 2006. RJN Exh. D. Defendant argues that these documents "definitively" settle the question of whether the ParaGolfer device is a wheelchair. *See* RJN at 3.

Plaintiffs oppose Defendant's request for judicial notice on the grounds that the websites cannot be authenticated and all of the documents lack probative value. *See* ECF 19 ("Obj. to RJN"). Plaintiffs have also filed two declarations in support of their objections. *See* ECF 20, 21.

Because Exhibit D to Defendant's RJN is a document available on the FDA's website, the Court finds that it is a public record that is properly subject to judicial notice. *See Daniels–Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998–99 (9th Cir. 2010) (granting judicial notice of information contained on a government website); *see also Nevarez v. Canyon Lakes Golf Course & Brewery LLC*, No. 4:17-CV-03247-KAW, 2017 WL 5479649, at *3 (N.D. Cal. Nov. 15, 2017) (granting judicial notice of the same "510(k) Summary" submitted to the FDA that is at issue in this case). However, Defendant provides no support for the authenticity of the screenshots of websites

1  submitted as Exhibits A through C, and the Court finds that their authenticity is not capable of
2  accurate and ready determination by resort to sources whose accuracy cannot reasonably be
3  questioned. *See* Fed. R. Evid. 201(b).

4  Accordingly, the Court GRANTS Defendant's request for judicial notice of Exhibit D, and
5  DENIES the request to take judicial notice of Exhibits A, B, and C. With respect to Plaintiffs'
6  supplemental declarations, the Court does not consider them but instead relies on the well-pled
7  allegations in the Complaint.

## IV. DISCUSSION

Defendant moves to dismiss the Complaint on several grounds, which the Court addresses in turn. As discussed below, the Court finds that many of Defendant's arguments go beyond the pleadings in this case and require a factual record in order for the Court to determine whether Defendant's denial of Plaintiffs' request for a ParaGolfer constitutes a violation of the ADA or the Unruh Act.

First, Defendant argues that it is not required to "alter its inventory" to include accessible or special goods for individuals with disabilities, such as the ParaGolfer. *See* Mot. at 4-5 (quoting 28 C.F.R. § 36.307(a)). Plaintiffs respond that a golf cart is not a "good" within the meaning of § 36.307(a), but rather it is part of the "facility." *See* Opp'n at 5-6, ECF 18. Both parties cite to the Ninth Circuit's decision in *Karczewski v. DCH Mission Valley LLC*, which held that the plaintiff had stated an ADA claim against a defendant car dealership that failed to provide hand controls for disabled patrons to test drive cars. 862 F.3d 1006, 1011 (9th Cir. 2017). The Ninth Circuit determined that the plaintiff had adequately alleged that temporarily installing hand controls was a reasonable modification necessary to accommodate patrons with disabilities. *Id*.

The Ninth Circuit recognized the exception set forth in 28 C.F.R. § 36.307(b) to the general rule of subsection (a), which requires that a "public accommodation shall order accessible or special goods at the request of an individual with disabilities" in some circumstances. *See Karczewski*, 862 F.3d at 1014 (citing § 36.307(b)). Such circumstances include when accessible or special goods can be obtained for a supplier with whom the public accommodation customarily does business. § 36.307(b). In *Nevarez v. Canyon Lakes Golf Course & Brewery LLC*, a nearly

4

identical case brought by the same Plaintiffs against a different golf course, the court rejected the defendant's argument that it was not required to alter its inventory because "[w]hether obtaining such a golf cart is readily achievable…is not properly resolved at the pleadings stage." No. 4:17-CV-03247-KAW, 2017 WL 5479649, at *3 (N.D. Cal. Nov. 15, 2017). Without a factual record, this Court cannot determine whether the circumstances of § 36.307(b) apply to the facts of this case, or whether the ParaGolfer is a "good" within the meaning of § 36.307(a).

Taking the well-pled allegations in the Complaint as true, Plaintiffs have adequately alleged that Defendant violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at Coyote Creek when these modifications were necessary to accommodate persons with disabilities such as Abdul Nevarez. *See* Compl. ¶ 34; *see also Karczewski*, 862 F.3d at 1011 ("In sum, taking the allegations in the complaint as true, Plaintiff has stated a claim that Defendant discriminated against him by failing to make a reasonable modification to a policy, practice, or procedure.") Moreover, it is reasonable to infer from Plaintiffs' allegations that Defendant's access to suppliers of regular golf carts meant that Defendant could also obtain adaptive golf carts such as the ParaGolfer. Compl. ¶ 16; *accord Canyon Lakes*, No. 4:17-CV-03247-KAW, 2017 WL 5479649, at *3 (N.D. Cal. Nov. 15, 2017). For the foregoing reasons, Defendant's motion to dismiss the Complaint on the grounds that it is not required to alter its inventory is DENIED.

Defendant next points to ADA Regulation § 36.306 which provides that a public accommodation is not required "to provide its customers, clients, or participants with personal devices, such as wheelchairs…" 28 C.F.R. § 36.306. Relying on its request for judicial notice, Defendant argues that the ParaGolfer is a wheelchair. *See* Mot. at 5; *see also* RJN. Plaintiffs oppose this argument by pointing to the Complaint which alleges that the ParaGolfer is an "adaptive golf cart," and contains no allegation that the ParaGolfer is a wheelchair. *See* Opp'n at 7; Compl. ¶ 16. Plaintiffs offer two declarations to counter Defendant's argument that the ParaGolfer is a wheelchair, which the Court does not consider. *See* ECF 20, 21. The parties' dispute over whether an adaptive golf cart is a "wheelchair" or "personal device" within the meaning of § 36.306 clearly goes beyond the pleadings and is not properly resolved on a motion to

1   dismiss. *Accord Canyon Lakes*, No. 4:17-CV-03247-KAW, 2017 WL 5479649, at *4 (N.D. Cal. Nov. 15, 2017) ("The determination of whether the ParaGolfer is a wheelchair requires evidence far beyond the pleadings, and must be decided on a motion for summary judgment.") Accordingly, Defendant's motion to dismiss the Complaint on the grounds that the ParaGolfer is a wheelchair is DENIED.

Turning to Plaintiffs' second cause of action, Defendant argues that in order to establish a violation of the Unruh Act that is "independent of a claim under the ADA," a plaintiff must plead intentional discrimination. *See* Mot. at 5. In opposition, Plaintiffs make clear that their Unruh Act claim is premised on the alleged ADA violation, which does not require a showing of intentional discrimination. *See* Opp'n at 8; *see also Wilson v. Haria & Gogri Corp.*, 479 F. Supp. 2d 1127, 1141 (E.D. Cal. 2007) ("In sum, the court concludes that a plaintiff may obtain damages under the Unruh Act for violations of the ADA even without a showing of intentional discrimination.") Here, Defendant concedes that an ADA violation on its own constitutes a violation of the Unruh Act. *See* Mot. at 6 (citing Cal. Civ. Code 51(f)). Defendant's arguments regarding Unruh Act claims "independent of" ADA claims are therefore inapplicable. Because the Court finds that Plaintiffs have adequately alleged a violation of the ADA, Defendant's motion to dismiss the Unruh Act cause of action is DENIED.

For the first time in its reply brief, Defendant raises an argument that Plaintiffs lack standing to pursue "speculative" ADA violations, because the pleading conclusively shows that Plaintiffs have not observed or been deterred by any other conditions, nor have they visited or tried to visit Coyote Creek golf course. *See* Reply at 6-8, ECF 22. The Court is not persuaded by Defendant's standing argument, and indeed, "[t]he district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Moreover, the Court's review of the Complaint indicates that the only barriers alleged by Plaintiffs are related to Defendant's failure to (1) maintain a safe, adaptive golf cart in Coyote Creek's golf cart fleet for use by disabled patrons; and (2) operate accessible tee time booking policies and procedures. *See, e.g.*, Compl. ¶¶ 12, 16, 20, 38, 43, 47. Accordingly, the Court need not determine whether Plaintiffs have standing to pursue claims based on "speculative" ADA

violations, because Plaintiffs have only adequately alleged the barriers that they actually observed and encountered.

## V. ORDER

For the foregoing reasons, Defendant's motion to dismiss the Complaint is DENIED. Defendant shall file an Answer **on or before March 5, 2018**.

**IT IS SO ORDERED.**

Dated: February 12, 2018

_____
BETH LABSON FREEMAN
United States District Judge